UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81881-CIV-KAM

MARY CHARLENE HAYS, Personal
Representative of the Estate of William
Hays,

    Plaintiff,

v.

FOSTER WHEELER ENERGY
CORPORATION, HONEYWELL
INTERNATIONAL INC., CRANE
CO., JOHN CRANE, INC., VELAN
VALVE CORPORATION,

    Defendants.
_____/

**<u>ORDER</u>**

    This cause is before the Court upon Defendant John Crane Inc.'s ("JCI") Motion to Apportion Liability Under General Maritime Law [DE 53]. The Court has reviewed all papers submitted in connection with this motion, which is ripe for review. The Court is otherwise duly advised in the premises.

    JCI requests that the Court issue an order that in the event that there is a finding of liability against JCI at trial, a limited joint and several liability approach to the apportionment of fault among all tortfeasors be applied. JCI asks for a jury instruction and verdict form that allows the jury to apportion liability for Hay's death between named defendants, defendants who settled with Plaintiff, judgment-proof defendants and tortfeasors who contributed to the injury but were

1

...

not sued.[1]

Plaintiff counters that maritime law calls for joint and several liability, and that comparative fault may be allocated in a maritime case only (1) to a Plaintiff for his comparative fault; (2) to establish a setoff for Defendants who settled prior to trial; and (3) to prove the comparative fault of other defendant parties and solvent third-parties properly joined as third party defendants by a trial defendant. Plaintiff argues that maritime law does not permit the allocation of comparative fault to non-parties and bankrupt entities. Furthermore, Plaintiff notes that any allocation of comparative fault among the defendants impacts only their contribution rights with respect to one another. Each defendant remains jointly and severally liable to Plaintiff for the full amount of the damages.

The crux of JCI's argument is that joint and several liability is inconsistent with the rationale of recent decisions of the United States Supreme Court. In particular, JCI argues that its proposed approach is consistent with the principles deemed paramount by the Supreme Court in *McDermott, Inc. v. AmClyde*, 311 U.S. 202 (1994). Alternatively, JCI argues that based upon the holding in *United States v. Reliable Transfer*, 421 U.S. 397 (1975), this Court should apportion damages equally among all entities who have been identified as having contributed to Chief Hays' death, because the injury is indivisible such that apportionment cannot be done. JCI also argues that even though the general maritime law does not provide a direct answer to the question of whether and how to account for amounts received by a plaintiff from a bankruptcy

---

[1] JCI has not indicated that there are any non-party tortfeasors that contributed to the injury and settled with Plaintiff. The Court does not, therefore, address whether there exists a right to apportionment as against such a settling non-party for setoff purposes. This comment does not address payments by bankruptcy trusts, which are discussed below.

trust, it is incumbent on this Court to fashion an "appropriate remedial scheme" that provides a credit to non-settling defendants for such amounts. [DE 85 at 12].

The only issue in *McDermott* was "whether the liability of the non-settling defendants should be calculated with reference to the jury's allocation of proportionate responsibility, or by giving the non-settling defendants a credit for the dollar amount of the settlement." 511 U.S. at 204.  The Supreme Court held that the proportionate approach was the correct one.

Nothing in *McDermott* suggests that there exists, or should exist, a "limited" joint and several liability rule like that proposed by JCI.  In fact, the *McDermott* Court mentions the "well-established principle of joint and several liability."  511 U.S. at 220.  Courts in this district have held that under federal maritime law, defendants are not permitted to have a jury determine the percentage of liability or fault of a nonparty.  *See Ebanks v. Great Lakes Dredge and Dock Co.*, 688 F.2d 716 (11th Cir. 1982), *cert. denied,* 460 U.S. 1083 (1983).  *See also, Farley v. Magnum Marine Corp., N.V.*, No. 89-0725-CV, 1995 WL 795711 (S.D.Fla. June 9, 1995); *Groff v. Chandris, Inc.*, 835 F. Supp. 1408 (S.D.Fla. 1993).

JCI argues that *Ebanks* has been effectively overruled by *McDermott.*  JCI points to the language in *Ebanks* stating that the defendant could have sought contribution in a separate action against the non-party tortfeasor that had previously settled with the plaintiff.  Since a contribution suit against a settling tortfeasor is no longer permitted, JCI argues that *Ebanks* is not good law.

This Court disagrees. *Ebanks* emphasized that under maritime law, a plaintiff is entitled to elect to sue only some tortfeasors and yet recover the full amount of his loss.  That general maritime rule was not abrogated by *McDermott*.  Whether or not the Eleventh Circuit would find today that the settlement entered into by the non-party in *Ebanks* would warrant apportionment

under *McDermott* for setoff purposes is of no import here, since JCI has not alleged that there are any non-parties who have settled with Plaintiff.  As to a non-settling non-party, the *Ebanks* court's discussion of general maritime law is still binding upon this Court.

The Court also finds that *Reliable Transfer* does not mandate that the damages in this case be divided equally among all entities who have been identified as having contributed to Chief Hays' death. *Reliable Transfer* addressed the admiralty rule of divided damages, whereby property damage in a maritime collision or stranding was equally divided whenever two or more parties were found to be at fault, regardless of the relative degree of their fault.  The Supreme Court rejected this rule  and held that

> when two or more parties have contributed by their fault to cause property damage in a maritime collision or stranding, liability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault, and that liability for such damages is to be allocated equally only when the parties are equally at fault or when it is not possible fairly to measure the comparative degree of their fault.

*Id*. at 411.

Nothing in the *Reliable Transfer* opinion suggests that the language referred to by JCI was intended to modify the then existing law in personal injury actions.  Nor does this Court deem it impossible for the jury to measure the degree of comparative fault of the entities against whom apportionment is permitted.

The Court does not agree with JCI's argument that it should obtain a credit for the payments made to Plaintiff from bankruptcy settlement trusts of various asbestos companies. The Supreme Court in *McDermott* noted that

> the proportionate share rule announced in this opinion applies

> when there has been a settlement. In such cases, the plaintiff's recovery against the settling defendant has been limited not by outside forces, but by its own agreement to settle. There is no reason to allocate any shortfall to the other defendants, who were not parties to the settlement. Just as the other defendants are not entitled to a reduction in liability when the plaintiff negotiates a generous settlement . . ., so they are not required to shoulder disproportionate liability when the plaintiff negotiates a meager one.

511 U.S. at 221. Amounts received by Plaintiff from bankruptcy settlement trusts are limited by outside forces. These are not situations where Plaintiff voluntarily has negotiated a meager settlement. As *McDermott* notes, "[t]he law contains no rigid rule against over-compensation." *Id.* at 219. The Supreme Court also noted that "fundamentally, we must recognize that settlements frequently result in the plaintiff's getting more than he would have been entitled to at trial." *Id*. JCI is not, therefore, entitled to a setoff for amounts Plaintiff receives from bankruptcy trusts, nor will JCI be permitted to apportion liability to any such bankrupt companies.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant John Crane Inc.'s ("JCI") Motion to Apportion Liability Under General Maritime Law **[DE 53]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 15th day of September, 2014.

_____
KENNETH A. MARRA
United States District Judge