UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81881-CIV-KAM

MARY CHARLENE HAYS, Personal
Representative of the Estate of William
Hays,

        Plaintiff,

v.

JOHN CRANE, INC.,

        Defendant.

_____/

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it - even if you do not agree with the law - and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.  Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact.  And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it.  People naturally tend to forget some things or remember them inaccurately.  So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception.  The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.  But that doesn't mean you must accept the witness's opinion.  As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

In this case it is the responsibility of Mrs. Hays to prove every essential part of her negligence and strict liability claims by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claims are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiff.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of Mrs. Hays' claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

In this case, John Crane asserts various affirmative defenses. You will be instructed regarding each of these defenses.  If Mrs. Hays proves her claims by a preponderance of the evidence, the Defendant may be able to prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

Where, as here, more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove Mrs. Hays' claims, but if the Defendant raises affirmative defenses, the only way it can establish each specific defense is if it proves that defense by a preponderance of the evidence.

The Plaintiff seeks recovery for the injuries and wrongful death of her husband, William Hays, due to asbestos-related mesothelioma.  There is no dispute in this case that William Hays contracted an asbestos-related mesothelioma and that the mesothelioma was the cause of his death.

Plaintiff claims that Mr. Hays' mesothelioma was caused in part by William Hays' exposure to asbestos-containing products manufactured and distributed by John Crane, Inc.

To recover damages against John Crane, Inc. the Plaintiff must show that John Crane, Inc. was negligent and/or was strictly liable, and that the conduct and/or products of John Crane, Inc. was a legal cause of William Hays' injury and death.

The Plaintiff is asserting two theories of liability: negligence, and strict liability.  It is not necessary that Plaintiff prove both her claims.  Rather, it is sufficient for Plaintiff to establish John Crane's liability under either her negligence or strictly liability claims for you to award damages. If you find in favor of Plaintiff on one or both theories you shall determine an award of damages as you will be instructed further.

John Crane, Inc. disputes that it is liable to the Plaintiff under either theory. However, if you find that John Crane, Inc. was negligent and/or was strictly liable, and that the conduct and/or products of John Crane, Inc. was a legal cause of

William Hays' injury and death, then John Crane, Inc. is claiming that Mr. Hays' mesothelioma was also caused in part by William Hays' exposure to asbestos-containing products manufactured and distributed by A.W. Chesterton, Crane Co., Ford Motor Company and Genuine Parts Company and that these companies are also at fault in this matter.

To show that these other companies are also at fault, John Crane, Inc. must show that each company was negligent and/or was strictly liable, and that the conduct and/or products of each company was a legal cause of William Hays' injury and death.

John Crane, Inc. is asserting two theories of liability: negligence, and strict liability against each of these companies. It is not necessary that John Crane, Inc. prove both of these claims against each company. Rather, it is sufficient for John Crane, Inc. to establish each company's liability under either its negligence or strictly liability claims. If you find in favor of John Crane, Inc. on one or both theories against one or more of these other companies you shall determine the percentage of fault of John Crane, Inc. and of each such company as you will be instructed further. With respect to John Crane, Inc.'s claims against A.W. Chesterton, Crane Co., Ford Motor Company and Genuine Parts Company, you must consider the products and conduct of these companies individually in determining whether they are also at fault.

11

In order to be a legal cause of injury, a party must prove by a preponderance of the evidence that the company against whom the claim is made was negligent or that it is strictly liable because its products were in a defective condition in the absence of a warning accompanying the product and that the company's negligence or the defective condition of the product was a substantial contributing factor in causing Mr. Hays to be exposed to asbestos fibers from its product which, in turn, was a substantial contributing factor in causing his cancer and injuries.

Mere exposure to a company's product is insufficient to establish causation. In order to be a legal cause, a party must show that the company's conduct or the defective condition of the product had sufficient effect in bringing about Mr. Hays' injury that ordinary minds would think of it as a cause.

There may be more than one substantial contributing factor in causing Mr. Hays' cancer and injuries. If you find that John Crane, Inc.'s conduct or the defective condition of its products, and Mr. Hays' resulting exposure to asbestos from its products, constituted a substantial contributing factor in causing Mr. Hays' cancer and injuries, the fact that there may have been other independent or contributing or concurring causes does not relieve John Crane, Inc. from liability and you must find your verdict against the John Crane, Inc. unless the combined effect of those other causes so dilutes the effect of Defendant's conduct as to prevent it from being a substantial factor.

Similarly, if you find with respect to A.W. Chesterton, Crane Co., Ford Motor Company and/or Genuine Parts Company that their conduct or the defective condition of their products, and Mr. Hays' resulting exposure to asbestos from their respective products, constituted a substantial contributing factor in causing Mr. Hays' cancer and injuries, the fact that there may have been other independent or contributing or concurring causes does not relieve those companies from liability and you must find your verdict against each such company that you so find unless the combined effect of those other causes so dilutes the effect of that company's conduct as to prevent it from being a substantial factor.

In this case, the Plaintiff has the burden of proving that John Crane, Inc.'s products or conduct were a legal cause of Mr. Hays' cancer and injuries. John Crane, Inc. has the burden of proving that the products or conduct of A.W. Chesterton, Crane Co., Ford Motor Company and/or Genuine Parts Company were also a legal cause of Mr. Hays' cancer and injuries.

The Plaintiff seeks to recover damages against John Crane, Inc. based upon a claim of strict liability.  John Crane, Inc. claims that A.W. Chesterton, Crane Co., Ford Motor Company and Genuine Parts Company are also strictly liable.

One who sells any product in a defective condition unreasonably dangerous to the user or consumer is subject to liability for physical harm thereby caused to the ultimate user or consumer if the seller is engaged in the business of selling such a product, and it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

An "unreasonably dangerous" product is one that is dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with the ordinary knowledge common to the community as to the product's characteristics.

This rule applies although the user or consumer has not bought the product from or entered into any contractual relation with the seller.

If you find that John Crane, Inc.'s asbestos-containing product was unreasonably dangerous without adequate warnings to the foreseeable users of the product, then you shall find for the Plaintiff on the theory of strict liability.  If you find that the products of A.W. Chesterton, Crane Co., Ford Motor Company and/or Genuine Parts Company, were unreasonably dangerous without adequate warnings to the foreseeable users of their products, then you shall find for John Crane, Inc.

on the theory of strict liability against any such of these companies that you so find. In making this determination, you must consider the products of each company individually.

A seller must exercise reasonable care and foresight to discover a danger in his product and to warn users and consumers of that danger.

A manufacturer has a duty to give adequate warnings as to the dangers inherent or reasonably foreseeable in using his products.

To be adequate, the warning must communicate to the user of the product such knowledge of the magnitude of the potential danger so as to give the worker a choice of working or not working with the dangerous product and whether to expose himself to that risk.

A manufacturer, is held to the knowledge and skill of an expert.  With respect to a party's strict liability claim, this is relevant in determining whether the manufacturer knew or should have known of the danger.

A manufacturer's status as expert with respect to a party's strict liability claim, means, at a minimum, manufacturers must keep abreast of scientific knowledge, discoveries and advances.  Additionally, the manufacturer is presumed to know the information imparted by this knowledge, even if it does not keep abreast of it.

With respect to strict liability claims, where a product contains an ingredient that is capable of harming members of the public and the ingredient is one whose danger is not generally known, or if known is one which the consumer would reasonably not expect to find in the product, the seller is required to give warning against it, if he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, of the presence of the ingredient and the danger.

One who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer.   A person or company puts out a chattel as his own product when he puts it out under his name or affixes to it his trade name or trademark.

A seller's warning must be reasonably calculated to reach the ultimate user of the product.  The presence of an intermediate party will not, by itself, relieve the seller of its duty to warn the ultimate user.

A manufacturer may not rely unquestioningly on others to warn of the potential dangers of its products.

A seller may not passively rely upon the Plaintiff's employer to provide warnings regarding the potential dangers of its products.

With respect to strict liability, a manufacturer has a duty to adequately test its products to discover potential hazards about which it knew or reasonably should have known.  With respect to negligence, a manufacturer has a duty to test its products to discover potential hazards about which it knew or had reason to know. The extent of the research and testing must be commensurate with the magnitude of the potential dangers.

Negligence is conduct which falls below the standard established by the law for the protection of others against unreasonable risk of harm.  The standard of conduct to which a person must conform to avoid being negligent is that of a reasonable person under like circumstances.

Put differently, negligence is an act or omission that creates an unreasonable risk of harm; or conduct that falls below what a reasonable person in similar circumstances would have done.

The qualities of a reasonable man which are of importance differ with the various situations in which the phrase is used. In determining whether the actor should realize the risk which his conduct involves, the qualities which are of importance are those which are necessary for the perception of the circumstances existing at the time of his act or omission and such intelligence, knowledge, and experience as are necessary to enable him to recognize the chance of harm to others involved therein.

With respect to negligent failure to warn, when a manufacturer or seller knows, or by the use of ordinary care has a reason to know, that its product is potentially dangerous, and that this danger is not obvious or readily discoverable by the buyer, the manufacturer or seller has a duty to give an adequate warning of this danger.

If the manufacturer or seller had a duty to give a warning, and if it failed to give an adequate warning, then it was negligent.

"Reason to know" means that the actor has knowledge of facts from which a reasonable man of ordinary intelligence or one of superior intelligence of the actor would either infer the existence of the fact in question or would regard its existence as so highly probable that his conduct would be predicated upon the assumption that the fact did exist.

In determining any of the issues you are asked to consider in this matter you may not base your determination on speculation or conjecture, but you may draw reasonable inferences from the evidence and testimony admitted in this case.

You heard evidence regarding various brands of machinery.  There is no evidence in this matter that any of the asbestos-containing materials were supplied by the manufacturers of various machines.  Accordingly, you are to disregard the brand names of the machinery.

If you find that John Crane, Inc.'s products or conduct was a legal cause of William Hays' mesothelioma you must determine the total damages sustained by William Hays as a result of his disease.

It is your job as the jury to determine the total damages that will fully and fairly compensate the Plaintiff for William Hays' damages.   The Court will determine what portion of those damages John Crane is responsible for under the applicable law.

Additionally, I remind you that while any award of damages must fully and fairly compensate the Plaintiff for William Hays' physical pain and suffering and emotional distress, under the law you may not include in your award damages for any emotional distress sustained by Mrs. Hays.

The parties have stipulated to the amount of certain items of Plaintiff's damages, which are:

(1) Economic losses in the stipulated amount of $180,000.00;

(2) Medical expenses in the stipulated amount of $594,000.00; and

(3) Funeral expenses of Mr. Hays in the amount of $4,679.00.

If you find in favor of the Plaintiff on either her strict liability claim or her negligence claim, the amount of these damages have been agreed to by the parties and you must award them.  The fact that JCI has stipulated to this amount is not be construed as an admission of liability by JCI.

You must also determine other damages.  Your verdict shall be in such sum as will fully and fairly compensate the Plaintiff for the following additional damages:

(1)  The value and amount of William Hays' physical pain and suffering as a result of his malignant mesothelioma; and

(2)  The value and amount of William Hays' emotional pain and suffering.

Plaintiff is not required to prove with mathematical precision the exact sum of Plaintiff's damages; Plaintiff need only furnish evidence of such facts and circumstances to permit an intelligent and probable estimate thereof.

The Plaintiff's claims in this case are against John Crane, Inc.  Plaintiff bears the burden of proof on her claims.  If the preponderance of the evidence does not support one or more of Plaintiff's claims, your verdict should be for the Defendant on those claims.  John Crane, Inc. claims in this case are against A.W. Chesterton, Crane Co., Ford Motor Company and Genuine Parts Company. If the preponderance of the evidence does not support one or more of the Defendant's claims against any of these companies, your verdict should be for the Plaintiff on those claims.

In this case you have been permitted to take notes during the course of the trial, and most of you -- perhaps all of you -- have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous - in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone. Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it.  Then you'll return it to the courtroom.  If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible - either in writing or by talking to you in the courtroom.  Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

You may now retire to decide your verdict.