UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-81881-CIV-KAM

MARY CHARLENE HAYS, Personal
Representative of the Estate of William
Hays,

        Plaintiff,

v.

JOHN CRANE, INC.,

        Defendant.
_____/

## ORDER

This cause is before the Court upon Defendant John Crane Inc.'s ("JCI") Motion to Apply The Death on the High Seas Act's Remedial Scheme [DE 52]. The Court has reviewed all papers submitted in connection with this motion. The Court orally ruled on the motion during the jury trial that was conducted in this case. The jury returned a verdict for JCI, and thus no damages were awarded to Plaintiff. The Court advised the parties, however, that if there was an appeal by Plaintiff and a cross-appeal by JCI, the Court's ruling on this motion may become relevant. Thus, the Court is setting out the rationale for its oral ruling.

### Procedural History

This asbestos case was transferred to MDL-875 in Philadelphia for pretrial proceedings before Judge Eduardo Robreno. Judge Robreno ruled that maritime law would apply in this case. Based on that ruling, JCI brought its Motion to Apply The Death on the High Seas Act's Remedial Scheme. 46 U.S.C. §30301 et seq. ("DOHSA") [DE 52]. JCI argues that because a

1

portion of Mr. Hays' exposure occurred while the vessels were at sea, his damages are limited by DOHSA to pecuniary losses. JCI argues that Plaintiff cannot recover for Mr. Hays' pain and suffering prior to his death or for her loss of society or consortium. JCI also argues that Plaintiff is limited to recover for pecuniary damages whether the action lies under DOHSA or general maritime law, because Mr. Hays was a seaman and a seafarer. [DE 52]. Plaintiff argues that Mr. Hays was not a seaman and that the case law relied upon by JCI does not preclude Plaintiff from recovering non-pecuniary damages.[1]

### Recoverable Damages

All Parties acknowledge that the MDL Court has already held that maritime law applies to Mr. Hays' exposure to asbestos on various Navy ships. *See, e.g., Hays v A.W. Chesterton, Inc.*, MDL No. 875, 2:09-93728-ER, 2012 WL 3062224 (E.D. Pa. April 18, 2012). Plaintiff states that while this is the law of the case, she disagrees with it. Plaintiff indicates that she will challenge this ruling on appeal if an appeal is appropriate in the future. [DE 67 at 3, n.1]. The MDL Court did not, however, address the damages that may be recoverable under maritime law in this case.

The parties disagree on the issue of what damages are recoverable by Plaintiff. JCI argues that DOHSA controls the recoverable damages for the wrongful death of a Navy sailor who has alleged an indivisible injury resulting, in part, from exposure to asbestos on the high seas. JCI's position is that since some of the asbestos exposure occurred on the high seas, DOHSA precludes Plaintiff, as a beneficiary, from bringing a survival claim for her decedent's pain and suffering,

---

[1] Plaintiff raised various procedural arguments challenging JCI's ability to raise this issue before the Court. In view of the jury verdict which found Plaintiff was not entitled to any damages, the Court does not believe it is necessary to address the procedural questions.

and precludes an award to her of non-pecuniary damages.

Plaintiff argues that the overwhelming majority, if not all, of Chief Hays' work with Defendant's asbestos-containing products occurred in port or on land, and not on the high seas, rendering DOHSA inapplicable. Plaintiff refutes Defendant's argument that any exposure to asbestos on the high seas, no matter how slight in comparison to the lifetime exposure to asbestos off the high seas, would require that DOHSA be applied to the entire claim. Plaintiff further argues that in its analysis of the case law, Defendant blurs the distinction between Jones Act seamen and Navy sailors. When this distinction is respected, she claims to be entitled to wrongful death damages recoverable under state law.

The Court rejects JCI's attempt to apply DOHSA to the facts of this case. By its terms, DOHSA applies solely to deaths caused on the high seas.[2] The Court is unaware of any case that has held that DOHSA restricts the recoverable damages for an indivisible injury in a case where some of the exposure to asbestos-containing products occurred on the high seas and some occurred in territorial waters. At least one Court has held to the contrary. *John Crane, Inc. v. Hardick*, 732 S.E.2d 1(Va. 2012), *cert. denied,* 133 S. Ct. 1263 (2013).

The Eleventh Circuit, in *Smith v. Ithaca Corporation*, 612 F.2d 215 (1980), addressed the issue of DOHSA's applicability to an indivisible injury at sea. In *Smith*, the plaintiff's decedent's exposure to benzene occurred both in coastal waters and on the high seas. The Court recognizes that the analysis in *Smith* relative to the recoverability of certain damages by the

---

[2]DOHSA provides: "When the death of an individual is caused by wrongful act, neglect, or default occurring **on the high seas beyond 3 nautical miles from the shore of the United States**, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative." 46 U.S.C.A. §30302 (Emphasis added).

widow of a Jones Act seaman under the general maritime law is no longer controlling in light of subsequent controlling Supreme Court precedent. Nevertheless, the decision is still instructive on the question of whether DOHSA's remedial scheme would supersede all other claims for damages when an injury occurs both on the high seas and in territorial waters. In *Smith*, the Eleventh Circuit did not limit the Plaintiff's recovery to the damages recoverable under DOHSA simply because some of her husband's exposure to benzene occurred on the high seas. The same analysis applies to the instant case.

Having determined that DOHSA's remedial scheme does not apply here, the next question is whether Plaintiff is entitled to recover all damages available under Florida law stemming from a wrongful death, including damages for Chief Hays' pain and suffering and Mrs. Hays loss of society, or whether Plaintiff's damages are limited to those recoverable under general maritime law. JCI argues that Chief Hays was a seaman as defined by the Supreme Court in *McDermott International, Inc. v. Wilander*, 498 U.S. 337 (1990), and therefore Plaintiff's recovery should be limited to pecuniary damages. Plaintiff argues that Chief Hays was not a seaman and that *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199 (1996), is dispositive of the issue presented here.

First, the Court finds, based on the undisputed record evidence, that Chief Hays was a seaman under general maritime law and under the Jones Act[3] as set forth in *Wilander*. There, the Supreme Court recognized that in order to be considered a seaman "[i]t was only necessary that a person be employed on board a vessel in furtherance of its purpose," and that "[a]ll who work at sea in the service of a ship" or those who "contribut[e] to the function of the vessel or to the

---

[3] 46 U.S.C. § 30104, formerly 46 U.S.C. § 688.

accomplishment of its mission" are seaman. 498 U.S. at 347, 354-55. Unquestionably, Chief Hays met this definition.

Despite the fact that Chief Hays was employed on board vessels in furtherance of their purposes, that he worked in service of the ships to which he was assigned by the United States Navy and that he contributed to the function of the vessels and to the accomplishment of their missions, Plaintiff asserts that this case is controlled by the Supreme Court's decision in *Yamaha*. Plaintiff's reliance on *Yamaha* is misplaced. In *Yamaha,* a twelve-year old girl, Natalie Calhoun, was vacationing with family friends at a beach-front resort. 516 U.S. at 201- 02. Calhoun was killed in a jet-ski accident, and her parents brought suit under state survival and wrongful death statues against the manufacturer alleging the jet-ski was defectively designed. *Id.* The manufacturer alleged that state law remedies could not be applied in the case because Calhoun died on navigable waters, and therefore federal maritime law controlled to the exclusion of state law. *Id.* In rejecting the manufacturer's argument, the Court stated:

> Traditionally, state remedies have been applied in accident cases of this order—maritime wrongful-death cases in which no federal statute specifies the appropriate relief *and the decedent was not a seaman, longshore worker, or person otherwise engaged in a maritime trade*. . . . We hold . . . that state remedies remain applicable *in such cases* and have not been displaced by the federal maritime wrongful-death action recognized in *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed. 2d 339 (1970).

516 U. S. at 202. (emphasis added).

Thus, the Supreme Court has held that in cases where the decedent is not a seaman, a longshore worker or person otherwise engaged in a maritime trade, traditional state remedies remain and are not displaced by the federal maritime wrongful-death action. *See American Dredging Co. v.*

*Lambert,* 81 F.3d 127, 130 -31 (11th Cir. 1996).   However, when the decedent is a seaman or person engaged in the maritime trade, as Chief Hays was in this case, federal maritime law and the remedies available under that law control.

Plaintiff places reliance on the language contained in footnote 2 of the *Yamaha* decision to support her assertion that Chief Hays was a "nonseafarer," and thus her wrongful-death claim is not subject to the limitations of federal maritime law.  In framing the question on which certiorari was granted in *Yamaha,* the Court stated: "Does the federal maritime claim for wrongful death recognized in *Moragne* supply the exclusive remedy in cases involving the deaths of non-seafarers in territorial waters?"   516 U.S. at 205.  The Court then defined "nonseafarers" as "persons who are neither seamen covered by the Jones Act . . . nor longshore workers covered by the Longshore and Harbor Workers' Compensation Act."  516 U.S. at 205 n.2.  Plaintiff claims Chief Hays was not covered by either of these two act, so he was not a "seafarer."  Thus, Plaintiff asserts her claims are not limited by federal maritime law and she can recover full damages under state law.

The Court rejects Plaintiff's reading of footnote 2.  Such a reading negates a significant portion of the Court's holding that "state remedies remain applicable in such cases [where the decedent was *not* a seaman, longshore worker, *or person otherwise engaged in a maritime trade*]." (emphasis added).   This Court interprets the Supreme Court's use of the word "covered" in footnote 2 to mean a person who would qualify as a seaman under the Jones Act or who would qualify as a longshore worker under the Longshore and Harbor Worker's Compensation Act if the individual was suing his employer under either of those acts.  It was not intended to exclude persons who would qualify to bring suit under those acts, but were suing persons other than their

6

employer. *See Scarborough v. Clemco Industires,* 391 F.3d 660, 666-68 (5th Cir. 2004)(Jones Act seaman's survivors could not recover nonpecuniary damages from non-employer third parties. The uniformity principle of *Miles v. Apex Marine Corp.,* 498 U.S. 19 (1990) applied.); *Davis v. Bender Shipbuilding and Repair Co.,* 27 F.3d 426, 430 (9th Cir. 1994)(the court rejected the plaintiffs' attempt to distinguish *Miles v. Apex Marine Corp.,* 498 U.S. 19 (1990) on the basis that the defendant was not a "Jones Act defendant." In deciding whether the rationale of *Miles* applies, the "identity of the defendant is irrelevant.").

Moreover, even if Chief Hays is considered a "nonseaman," the Eleventh Circuit in *Tucker v. Fearn,* 333 F.3d 1216 (11th Cir. 2003) rejected a claim under federal maritime law for loss of society damages to the survivor of a nonseaman. In so holding the court stated:

> Denying recovery to Tucker for loss of society damages is also consonant with the principle that courts seek a uniform vindication of federal maritime policies. It would be discordant for this Court to sanction additional remedies for deaths of nonseaman occurring in a state's territorial waters than (1) Congress permitted under DOSHA for deaths of nonseaman occurring on the high seas, *Higginbotham,* 436 U.S. at 623, 98 S. Ct. 2010, (2) Congress has permitted for seaman under the Jones Act, *Miles,* 498 U.S. at 32, 111 S. Ct. 317, and (3) the Supreme Court has allowed for seamen under general maritime law, *Miles,* 498 U.S. at 32-33, 111 S. Ct. 317.
>
>      \*   \*   \*
>
> A strange anomaly would result if we were to permit the survivors of nonseaman the right to recover loss of society damages while the survivors of seamen-the traditional wards of admiralty law-are barred from such recovery under the Jones Act and general maritime law. Because neither Congress nor the Supreme Court have ever indicated that admiralty law evinces any particular consideration for nonseamen, we decline to fashion a rule that would permit their survivors a more liberal

recovery under general maritime law.

*Tucker,* 333 F.3d at 1222. Lastly, the court in *Tucker* held that the *Yamaha* decision only "concerns the remedies available under a *state's* wrongful death statute, and not the shape of the wrongful death action under *federal* general maritime law. . . . Thus, *Yamaha Motor* . . . does not contradict the Supreme Court's concerns in *Miles* and *Moragne* that courts achieve a uniform vindication of *federal* maritime policies." *Id.* at 1223-24. (emphasis in the original). Since it has been determined that federal maritime law, and not state law, applies in this case, the holding of *Yamaha* is not applicable here.[4]

The Court must, therefore, determine what damages are recoverable by a person who qualifies as a "seaman" or individual engaged in a maritime trade. *John Crane, Inc. v. Hardick*, 732 S.E.2d 1(Va. 2012), *cert. denied,* 133 S. Ct. 1263 (2013) provides persuasive guidance in this inquiry. The *Hardick* court looked to the Supreme Court decision in *Miles v. Apex Marine Corp.,* 498 U.S. 19 (1990) for guidance, as does this Court. In *Miles,* the Court looked to the Jones Act to determine the limits on recovery in survival actions. The Court in *Miles* held that because damages in survival actions involving the death of a seaman under the Jones Act are limited to those suffered during the decedent's lifetime, so too should such claims brought under general maritime law. 498 U.S. at 36. Based on that holding, the court reasoned that although nonpecuniary damages are not permitted in actions involving the wrongful death of a seaman,

---

[4] The court in *Tucker* was careful to point out that its holding was not inconsistent with the decision of *American Dredging,* 81 F.3d at 127, even though the plaintiffs in *American Dredging* had filed claims under general maritime law. The court noted "the issue on appeal [in *American Dredging*] focused on whether nonpecuniary damages were recoverable *under Florida's wrongful death statutes." Tucker,* 333 F.3d at 1224 n. 12. (emphasis in the original). While Plaintiff may have filed her claim under Florida law, it was determined by the Multi-district Court that federal maritime law, not state law, would control in this case.

such damages may be recovered in a general maritime survival action provided they represent the damages suffered during the decedent seaman's lifetime. *Hardick*, 732 S.E. 2d at 3.

In view of the foregoing, this Court holds that Plaintiff cannot recover non-pecuniary damages; however, the estate may recover damages for the decedent's pre-death pain and suffering in the general maritime survival action.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant John Crane Inc.'s ("JCI") Motion to Apply The Death on the High Seas Act's Remedial Scheme [**DE 52**] is **GRANTED IN PART AND DENIED IN PART** consistent with this decision.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 9th day of October, 2014.

_____
KENNETH A. MARRA
United States District Judge